MARCIE ISOM FITZSIMMONS (SBN: 226906)
MAYA OHANA (SBN: 272903)
GORDON & REES LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054
Misom@gordonrees.com
Mohana@gordonrees.com

Attorneys for Defendant
UNIVERSITY HEALTHCARE ALLIANCE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARILYN HOLMES,<br><br>                Plaintiff,<br><br>vs.<br><br>UNIVERSITY HEALTHCARE ALLIANCE and DOES 1 through 25, inclusive,<br><br>                Defendants. | CASE NO.<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a) (FEDERAL QUESTION)**<br><br>**Request For Jury Trial** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that UNIVERSITY HEALTHCARE ALLIANCE ("Defendant") hereby removes to this Court the state court action described below.

1. On March 25, 2013, an action was commenced in the Superior Court of the State of California in and for the County of Alameda, entitled *Marilyn Holmes v. University Healthcare Alliance, et al.*, Case No. RG15764117. A copy of the summons and complaint are attached hereto as **Exhibit A.**

2. Defendant University Healthcare Alliance, the first served Defendant in this action, first received a copy of said complaint on April 17, 2015. Accordingly, this notice is timely under 28 U.S.C. § 1446(b).

///

-1-
NOTICE OF REMOVAL OF ACTION

3. This action is a civil action of which the Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(a) in that it arises under federal law pursuant to 42 U.S.C. § 1983.

4. The named Defendant consents to this removal.

5. Removal to the San Francisco Division of the United States District Court for the Northern District of California is appropriate because the removed state court action was filed in the Superior Court of California, County of Alameda.

6. Pursuant to 28 U.S.C. § 1446(b), a copy of this Notice of Removal, without exhibits, will be promptly served on Plaintiff's counsel.

7. A copy of this Notice of Removal, without exhibits, will also be filed with the Clerk of the Superior Court of the State of California in and for the County of Alameda.

Dated: April 27, 2015　　　　　　　　　　GORDON & REES LLP

By:    */S/ Marcie Isom Fitzsimmons*
MARCIE ISOM FITZSIMMONS
MAYA OHANA
Attorneys for Defendants
UNIVERSITY HEALTHCARE ALLIANCE

EXHIBIT A

```
- Fax Server            3/26/2015 3:16:00 PM  PAGE  1/001    Fax Server
```

03/25/2015 2:33PM FAX 14152968847++        LADVA LAW FIRM                    ☒0002/0012

**SUMMONS**
**(CITACION JUDICIAL)**

**SUM-100**

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

UNIVERSITY HEALTHCARE ALLIANCE and DOES 1 through 25, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

MARILYN HOLMES

FILED BY FAX
ALAMEDA COUNTY
March 25, 2015
CLERK OF
THE SUPERIOR COURT
By Catherine Green, Deputy

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
(El nombre y dirección de la corte es):

Superior Court of California, County of Alameda
1221 Oak Street, Oakland, CA 94612

CASE NUMBER:
(Número del Caso):
RG15764117

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Ashwin Ladva; 530 Jackson St, 2nd Floor, San Francisco, CA 94_____ 14

DATE: March 25, 2015                           Clerk, by _____, Deputy
(Fecha)                                        (Secretario)                     (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☒ by personal delivery on (date): 4/17/15

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

**SUMMONS**

Page 1 of 1
Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

03/25/2015 2:34PM FAX 14152988847++     LADVA LAW FIRM     @0003/0012

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | | CM-010 |
|---|---|---|
| Ashwin Ladva; SB#206140; Ladva Law Firm<br>530 Jackson Street, 2nd Floor, San Francisco, CA 94133<br>TELEPHONE NO: (415) 296-8844    FAX NO: (415) 296-8847<br>ATTORNEY FOR *(Name)*: Plaintiff Marilyn Holmes | | FOR COURT USE ONLY |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA<br>STREET ADDRESS: 1221 Oak Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Oakland, CA 94612<br>BRANCH NAME: | | **FILED BY FAX**<br>ALAMEDA COUNTY<br>March 25, 2015<br>CLERK OF<br>THE SUPERIOR COURT<br>By Catherine Green, Deputy<br>CASE NUMBER:<br>RG15764117 |
| CASE NAME:<br>Holmes v. University Healthcare Alliance, et. al. | | |
| **CIVIL CASE COVER SHEET**<br>☑ Unlimited  ☐ Limited<br>(Amount           (Amount<br>demanded         demanded is<br>exceeds $25,000)  $25,000 or less) | **Complex Case Designation**<br>☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br><br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | ☐ Other collections (09) | ☐ Construction defect (10) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Product liability (24) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Medical malpractice (45) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse condemnation (14) | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition *(not specified above)* (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☑ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a.☑ monetary    b.☑ nonmonetary; declaratory or injunctive relief    c. ☑ punitive
4. Number of causes of action *(specify)*: 5
5. This case ☐ is ☑ is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 25, 2015
Ashwin Ladva
(TYPE OR PRINT NAME)                                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]                **CIVIL CASE COVER SHEET**        Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
                                                                             Cal. Standards of Judicial Administration, std. 3.10
                                                                             www.courtinfo.ca.gov

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

03/25/2015 2:35PM FAX 14152988847++     LADVA LAW FIRM                          ☒0005/0012

1  Ashwin Ladva, (206140)
   Ladva Law Firm
2  530 Jackson Street, 2nd Floor
   San Francisco, CA 94133
3  (415)296 8844
   (415)296 8847 (fax)
4  aladva@ladvalaw.com

5  Attorney for Plaintiff

6

**FILED BY FAX**
ALAMEDA COUNTY
March 25, 2015
CLERK OF
THE SUPERIOR COURT
By Catherine Green, Deputy
CASE NUMBER:
RG15764117

7                IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
8                       IN AND FOR THE COUNTY OF ALAMEDA
9

| | |
|---|---|
| MARILYN HOLMES, | |
| Plaintiff, | |
| v. | Case No. |
| UNIVERSITY HEALTHCARE ALLIANCE and DOES 1 through 25, inclusive, | **COMPLAINT FOR DAMAGES** |
| Defendants. | **JURY TRIAL DEMANDED** |

Plaintiff MARILYN HOLMES complains and alleges as follows:

### FACTS APPLICABLE TO ALL CAUSES OF ACTION

1. Defendant UNIVERSITY HEALTHCARE ALLIANCE, ("DEFENDANT") is and was, at all times relevant hereto, an organization providing medical services throughout the County of Alameda.

COMPLAINT FOR DAMAGES

-1-

2. Plaintiff does not know the true names or capacities of defendants DOE 1-25. Plaintiff therefore sues defendants DOE 1-25 by such fictitious names and will seek leave to amend the complaint to add their true names and capacities when the same have been ascertained.

3. At all times relevant to this complaint, DEFENDANTS and each of them participated in, authorized, ratified, aided and abetted the doing of the acts alleged herein.

4. At all times relevant to this complaint, DEFFENDANTS and each of them were the agents and/or employees of each of the other DEFENDANTS and were acting within the course and scope of that employment or agency.

5. Plaintiff was hired on or about August 23, 2013 and Plaintiff was terminated on or about February 3, 2015. Plaintiff's position was that of Site Manager. Plaintiff was employed in Oakland, County of Alameda, and State of California.

6. Due to an emergency medical condition, Plaintiff was off from work for approximately one month. During the entire time that Plaintiff was off from work she communicated with her immediate superior Michael Mooney and with Maria Alvarez who was the Assistance Practice Administrator. Plaintiff informed the Defendant that she would be returning to work on February 2, 2015.

7. Plaintiff returned to work on February 2, 2015 and worked a full day. On Plaintiff's second day back from her medical leave, she was informed by Michael Mooney that she was terminated. Plaintiff was informed that she was being terminated because "it was not working out" and due to her "lack of communication." Plaintiff was also informed during her termination meeting, that she was very effective in staffing and operations.

8. Plaintiff was discriminated against and finally terminated and denied reinstatement because of her disability, perceived or otherwise, and because she had taken time off from work due to a medical condition.

9. At all times relevant to the complaint, Defendants and each of them participated in, authorized, ratified, aided and abetted the doing of the acts alleged herein.

10. At all times relevant to the complaint, Defendants and each of them were the agents and/or employees of each of the other Defendants and were acting within the course and scope of that employment or agency.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff filed complaints against Defendants with the California Department of Fair Employment and Housing (DFEH) on or about March 24, 2015. The DFEH issued a Notice of Right to Sue letter on the same date.

## FIRST CAUSE OF ACTION

### (DISCHARGE AND DISCRIMINATION IN COMPENSATION AND THE TERMS, CONDITIONS AND PRIVILEGES OF EMPLOYMENT BECAUSE OF DISABILITY – GOVERNMENT CODE § 12940(a) – AGAINST ALL DEFENDANTS)

12. Plaintiff re-alleges and incorporates by reference, each and every allegation in paragraphs 1-11.

13. Plaintiff has a physical disability within the meaning of Government Code § 12926(k).

14. DEFENDANTS, as Plaintiff's employer, discriminated against Plaintiff in the terms, conditions and privileges of employment, and wrongfully terminated her because of disability in violation of Government Code § 12940(a).

15. As a direct, proximate and foreseeable result of DEFENDANTS' acts and failures to act as alleged herein, Plaintiff has suffered and continues to suffer substantial losses in earnings and employment benefits, injury to her career and reputation, and extreme and enduring emotional distress including but not limited to humiliation, shock, embarrassment, fear, anxiety and discomfort, all to her damage in an amount to be determined according to proof at trial.

16. DEFENDANTS committed the acts herein alleged despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice and in conscious disregard of Plaintiff's rights. Because the acts taken toward Plaintiff were carried out by managerial employees acting in a deliberate, cold, callous, despicable, and intentional manner in order to injure and damage Plaintiff, she is entitled to punitive damages from DEFENDANTS in an amount according to proof.

## SECOND CAUSE OF ACTION
## VIOLATION OF FAMILY MEDICAL LEAVE ACT

17. Plaintiff re-alleges and incorporates by reference, each and every allegation in paragraphs 1-18.

18. Plaintiff is an employee covered under Family Medical Leave Act 29 U.S.C. Sec. 2611 (2).

19. Defendant is an employer as defined under Family Medical Leave Act 29 U.S.C. Sec 2611(4).

20. Defendant violated Family Medical Leave Act 29 U.S.C. Sec. 2614 (a) by failing to restore the Plaintiff to her former position or an equivalent position with equal benefits, pay and other terms and conditions of employment.

21. As a direct, proximate and foreseeable result of defendants' acts and failures to act as alleged herein, Plaintiff has suffered and continues to suffer substantial losses in earnings and employment benefits, injury to her career and reputation, extreme emotional distress including but not limited to humiliation, shock, embarrassment, fear, anxiety and discomfort, all to her damage in an amount to be determined according to proof.

22. Defendants committed the acts herein alleged despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice and in conscious disregard of plaintiff's rights. Because the acts taken toward Plaintiff were carried out by managerial employees acting in a deliberate, cold, callous,

despicable, and intentional manner in order to injure and damage Plaintiff, she is entitled to punitive damages from Defendants in an amount according to proof.

### THIRD CAUSE OF ACTION

### (WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY) AGAINST ALL DEFENDANTS

23. Plaintiff re-alleges and incorporates by reference, each and every allegation in paragraphs 1-22.

24. At all times relevant to this complaint, the Fair Employment and Housing Act ("FEHA") was in full force and effect and binding upon Defendants. FEHA prohibits employers from discriminating against employees on account of disability and disqualifying employees from pursuing their chosen vocation on the basis of disability.

25. As a direct, proximate and foreseeable result of Defendants' acts and failures to act as alleged herein, Plaintiff has suffered and continues to suffer substantial losses in earnings and employment benefits, injury to her career and reputation, extreme emotional distress including but not limited to humiliation, shock, embarrassment, fear, anxiety and discomfort, all to her damage in an amount to be determined according to proof.

26. DEFENDANTS committed the acts herein alleged despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice and in conscious disregard of Plaintiff's rights. Because the acts taken toward Plaintiff were carried out by managerial employees acting in a deliberate, cold, callous, despicable, and intentional manner in order to injure and damage Plaintiff, she is entitled to punitive damages from defendants in an amount according to proof.

### FOURTH CAUSE OF ACTION

### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS) AGAINST ALL DEFENDANTS

27. Plaintiff re-alleges and incorporates by reference, each and every allegation in paragraphs 1-26.

28. Defendants' conduct as alleged herein was intentional, outrageous and malicious, exceeding all bounds usually tolerated by a decent society, and was especially calculated to cause, and did cause plaintiff to suffer severe and enduring emotional distress.

29. As a direct, proximate and foreseeable result of Defendants' acts and failures to act, as alleged herein, Plaintiff was injured in her strength, health and activities, sustaining shock and injury to her nervous system, all of which have caused and continue to cause Plaintiff extreme emotional distress including but not limited to humiliation, embarrassment, fear, anxiety and discomfort, all to her damage in an amount to be determined according to proof.

30. As a further direct, proximate and foreseeable result of Defendants' acts and failures to act, as alleged herein, Plaintiff has suffered and continues to suffer substantial losses in earnings and employment benefits and injury to her career and reputations, in an amount to be determined according to proof.

31. Defendants committed the acts herein alleged despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice in conscious disregard to Plaintiff. Because the acts taken toward Plaintiff were carried out by managerial employees acting in a deliberate, cold, callous, despicable and intentional manner, in order to injure and damage plaintiff, she is entitled to recover punitive damages from Defendants, and each of them, in an amount according to proof.

## FIFTH CAUSE OF ACTION
## (RETALIATION IN VIOLATION OF FEHA – GOVERNMENT CODE § 12940(h) – AGAINST ALL DEFENDANTS)

32. Plaintiff realleges and incorporates by reference against each Defendant, each and every

COMPLAINT FOR DAMAGES

- 6 -

allegation in paragraphs 1-31.

33. Defendants retaliated against Plaintiff by discharging her, and otherwise discriminating against her in the terms, conditions and privileges of employment, because Plaintiff opposed practices forbidden by the Fair Employment and Housing Act ("FEHA").

34. As a direct, proximate and foreseeable result of defendants' acts and failures to act as alleged herein, Plaintiff has suffered and continues to suffer substantial losses in earnings and employment benefits, injury to her career and reputation, extreme emotional distress including but not limited to humiliation, shock, embarrassment, fear, anxiety and discomfort, all to her damage in an amount to be determined according to proof.

35. Defendants committed the acts herein alleged despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice and in conscious disregard of Plaintiff's rights. Because the acts taken toward Plaintiff were carried out by managerial employees acting in a deliberate, cold, callous, despicable, and intentional manner in order to injure and damage Plaintiff, she is entitled to punitive damages from defendants in an amount according to proof

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against DEFENDANTS and each of them, as follows:

1. For compensatory damages, including but not limited to damages for lost wages and employment benefits, both past and future, emotional distress and other special and general damages in an amount according to proof.

2. For punitive damages against DEFENDANTS in an amount according to proof.

3. For costs and reasonable attorneys' fees pursuant to the California Fair Employment and Housing Act and other applicable statutes, and

4. For such further relief that the Court deems just and proper.

Dated: March 25, 2015                         LADVA LAW FIRM

                                              By: _____

                                              Ashwin Ladva, Esq.
                                              Attorney for Plaintiff

## JURY TRIAL DEMANDED

Plaintiff hereby demands a jury trial.

Dated: March 25, 2015                         LADVA LAW FIRM

                                              By: _____

                                              Ashwin Ladva, Esq.
                                              Attorney for Plaintiff

LADVA LAW FIRM
Attn: LADVA, ASHWIN V
530 Jackson Street,
2nd Floor
San Francisco, CA 94133

## Superior Court of California, County of Alameda

| Holmes | No. RG15764117 |
|---|---|
| Plaintiff/Petitioner(s) | |
| VS. | NOTICE OF CASE MANAGEMENT |
| University Healthcare Alliance | CONFERENCE AND ORDER |
| Defendant/Respondent(s) | Unlimited Jurisdiction |
| (Abbreviated Title) | |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD.
Notice is given that a Case Management Conference has been scheduled as follows:

| Date: 08/07/2015 | Department: 522 | Judge: Dennis Hayashi |
|---|---|---|
| Time: 02:30 PM | Location: Hayward Hall of Justice | Clerk: Dianne Hyatt |
| | 3rd Floor | Clerk telephone: (510) 690-2731 |
| | 24405 Amador Street, Hayward CA 94544 | E-mail: |
| | | Dept.522@alameda.courts.ca.gov |
| | Internet: http://www.alameda.courts.ca.gov | Fax: (510) 690-2855 |

### ORDERS

1. You must:
   a. Serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (CRC 3.110(b));
   b. Give notice of this conference to any party not included in this notice and file proof of service;
   c. Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than 30 calendar days before the date set for the Case Management Conference;
   d. File and serve a completed Case Management Statement (use of Judicial Council Form CM-110 is mandatory) at least 15 days before the Case Management Conference (CRC 3.725)*

2. If you do not follow the orders above, you are hereby ordered to show cause why you should not be sanctioned under CRC 2.30. The hearing on the Order to Show Cause re: Sanctions will be at the same time as the Case Management Conference. Sanctions may include monetary sanctions and any other sanction permitted by law, including striking pleadings or dismissing the action.

3. You are further ordered to appear in person† (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

4. The Direct Calendar Judge will issue orders at the conclusion of the conference that should include:
   a. Referring to ADR and setting an ADR completion date
   b. Dismissing or severing claims or parties
   c. Setting a trial date.

* Case Management Statements may be filed by E-delivery, by emailing them to the following address: EDelivery@alameda.courts.ca.gov. No fee is charged for this service. For further information, go to Direct Calendar Departments at http://apps.alameda.courts.ca.gov/domainweb.

†Telephonic appearances at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties may make arrangements by calling 1-888-882-6878, or faxing a service request to 1-888-883-2946. This service is subject to charges by the vendor.

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct. I am the clerk of the above-named court and not a party to this cause. I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 04/01/2015

By _____

Deputy Clerk